EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (64880)
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Telephone: (415) 227-9455
Facsimile: (415) 227-4255
E-Mail: jtamulski@edptlaw.com

Attorneys for Plaintiff
INTERNATIONAL NAVIGATION CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL NAVIGATION CORPORATION,<br><br>              Plaintiff,<br><br>    vs.<br><br>THE RICE COMPANY, and DOES 1 to 10, inclusive,<br><br>              Defendants. | IN ADMIRALTY<br><br>Case No.:<br><br>**COMPLAINT FOR BREACH OF MARITIME CONTRACT** |

Plaintiff International Navigation Corporation complains against The Rice Company and Does 1 – 10 and alleges as follows:

**JURISDICTION**

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**VENUE**

2.     The contract at issue was executed and was to be performed in Placer County and/or in Sacramento County, California.  Venue therefore lies in the United States District Court for the Eastern District of California.

**PARTIES**

3. INAV International Navigation Corporation ("INAV") is, and at all relevant times was, a company registered to do business under the laws of the District of Columbia, with its principal place of business in Bethesda, Maryland.

4. INAV is informed and believes, and on that basis alleges that defendant The Rice Company ("RICE") is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, registered and doing business in California with its principal place of business located in Fair Oaks, California.

5. The true names and capacities of defendants sued herein as Does 1 through 10 are unknown to INAV, which therefore sues those defendants by such fictitious names. INAV is informed and believes, and on that basis alleges, that each of the fictitiously named defendants Does 1 through 10 is authorized to do business, and does business, in the State of California and has obligations under the contract alleged in this Complaint. INAV reserves the right to amend this Complaint to allege the true names and capacities of those defendants when they have been ascertained.

6. INAV is informed and believes, and on that basis alleges, that during all relevant times each defendant was the agent, servant, employee, alter ego and/or representative of the other defendant(s) in doing the acts alleged in this Complaint, and acted with the consent, knowledge, direction and permission of the other defendant(s) and within the scope and purpose of their agency, employment, authority and/or representation.

**GENERAL ALLEGATIONS**

7. In or about April 2007, INAV entered into a joint venture agreement with RICE to time charter the vessel APOSTOLOS II for a term of one year. Under the agreement, the parties agreed to share equally in the profits from the operation of that vessel.

8. Thereafter, between April 2007 and July 2007, the joint venture time chartered the APOSTOLOS II for the purpose of the transportation and carriage of cargo for third parties. The total profit of the joint venture from these voyages was $682,009.85. Under the terms of the joint venture agreement, INAV's share of the profits is $341,004.93.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -
**COMPLAINT FOR BREACH OF MARITIME CONTRACT**
Case No.:

9. By October 2008, RICE paid to INAV $300,000.00 in distributions of its share of the joint venture profits. Thereafter, INAV submitted periodic invoices to RICE for the payment of the remaining undistributed profit.

10. On or about August 10, 2012, INAV wrote to RICE demanding distribution of its share of the remaining profit, i.e., $41,004.93, being held by RICE.

11. In a response on or about August 20, 2012, RICE for the first time disputed that it owed any additional money to INAV, repudiating its obligation to pay the $41,004.93 still owing from the joint venture profits. Since then, INAV has made repeated demands for payment of the amount still owed, and RICE has refused, and continues to refuse, to make any further payments as required under the joint venture agreement.

## FIRST CAUSE OF ACTION

### (Breach of Maritime Contract)

12. INAV incorporates by this reference as though fully stated herein the allegations set forth in paragraphs 1 through 11, above.

13. Pursuant to the terms of the joint venture agreement, RICE agreed to pay INAV 50% of the profits from the joint venture's time charter of the vessel APOSTOLOS II.

14. INAV has performed or tendered performance of all of its obligations under the joint venture agreement.

15. On or about August 20, 2012, RICE materially breached and repudiated the terms of the joint venture agreement by failing and refusing to pay the remaining $41,004.93 due and owing to INAV from the profits of the joint venture.

16. As a direct and proximate cause of RICE's breach of the joint venture agreement, INAV has suffered damages of $41,004.93, plus interest.

WHEREFORE, Plaintiff International Navigation Corporation prays for judgment against Defendant The Rice Company as follows:

1. For an award of damages in the amount of $41,004.93;

2. For prejudgment interest on all amounts as provided by law;

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -
COMPLAINT FOR BREACH OF MARITIME CONTRACT
Case No.:

1     3. For INAV's costs of suit;

2     4. For such other and further relief as the Court may deem proper.

4  DATED: October 30, 2012

6                  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

8                  By      /s/ James J. Tamulski
                    James J. Tamulski
                    E-Mail: jtamulski@edptlaw.com
9                  Attorneys for Plaintiff
                INTERNATIONAL NAVIGATION CORPORATION

**EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP**
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -
**COMPLAINT FOR BREACH OF MARITIME CONTRACT**
Case No.: